*698 OPINION OF THE COURT
James F. Niehoff, J.
This is a CPLR article 78 proceeding in which the petitioner, a student expelled from the State University of New York College at Old Westbury, seeks judgment (1) annulling the determination of the respondent, president of the college, dated April 3, 1979 who expelled him from the college and (2) directing that petitioner be reinstated as a student in good standing at the college.
It appears that a complaint was made against petitioner by a fellow student charging him with rape. He was suspended from school and a hearing was held before a judicial review committee. The judicial review committee consists of seven persons including three students, two faculty members and two staff members. The student and faculty members are chosen by their respective constituencies and the staff members are appointed by the president of the college. The judicial review committee acts as a fact-finding body hearing all charges, evidence and rebuttal testimony needed to enable it to arrive at a recommendation.
The staff members of the judicial review committee were Carrie James, assistant director of admissions and Thomas Buckingham, associate dean of the college.
Following the hearing the judicial review committee forwarded their findings of fact and recommendation of expulsion to Lewis H. Clarke, administrator of "The Code for Judicial Conduct”. An appeal was then taken to a judicial council.
The judicial council was likewise composed of seven members including three students, two faculty and two staff members selected in the same manner as the judicial review committee. The seven members of the judicial council were Joan Houbolt, Joseph Conforti, Lauren Mande, Joan Strohschnitter, Lisa Morrell, Joan Prenderville and Thomas Buckingham. Thus, Mr. Buckingham served on both the judicial review committee and the judicial council. The function of the judicial council was to review the findings and recommendations of the judicial review committee and either suspend, lighten or sustain those findings. In an appropriate case the judicial council could remand a case back to the judicial review committee but it was not empowered to increase the sanctions imposed by the judicial review committee. The judicial council findings were forwarded to Lewis Clarke by *699 memorandum dated March 30, 1979 and were as follows: "1. Due process was followed during the original hearing and the Council unanimously agreed with the findings of the original hearing panel. 2. The Council upheld the recommendation of expulsion made by the original hearing panel.”
Thereafter an appeal was taken, to the president of the State University of New York College at Old Westbury.
By letter dated April 3, 1979, the respondent John D. Maguire concluded that the original decision to expel the petitioner from college is appropriate.
The disciplinary procedures employed were those outlined in the judicial process section of the code for student conduct of the State University of New York College at Old Westbury. It is clear, however, that one of the provisions of the code was violated at the initial appeal stage. Under the code, it is specifically provided that "No member of the College community shall serve simultaneously on the Judicial Council and the Judicial Review Committee”.*
As noted above, it is conceded that Thomas Buckingham, associate dean of the college, served as a member of both of the bodies which considered the proceeding involving the petitioner herein.
It is respondent’s contention that the petitioner’s failure to raise this issue on his appeal from the judicial council’s finding constitutes a waiver and forecloses judicial review of this claim. The court does not accept that contention. The petitioner did not appear before the judicial council when it deliberated on January 19, 1979. The judicial council rendered its decision on January 22, 1979 and the petitioner requested his presidential appeal on January 31, 1979. However, the petitioner did not receive the written recommendation of the judicial council containing the names of its members until March 30, 1979 almost two months after he filed his appeal to the respondent. Since the record reveals that the petitioner was not aware of the composition of the judicial council until after his appeal was submitted to the respondent, the court refuses to hold that he has waived his right to assert the procedural irregularity outlined above.
Having found that the college failed to comply with the *700 procedures of the code, the court must next determine whether that failure violates the petitioner’s due process rights.
It is the opinion of the court that the petitioner’s right to due process was, in fact, violated.
In Goss v Lopez (419 US 565), the Supreme Court held that students facing a temporary suspension from a public school have property and liberty interests that qualify for protection under the due process clause of the Fourteenth Amendment and that a student may not be expelled from a State school for misconduct unless he is accorded the minimum requirements of due process.
It has been held that the violation by an agency of its own regulations even where they are more generous than the Constitution require may, in and of itself, constitute a violation of a student’s due process rights (Hupart v Board of Higher Educ. of City of N. Y., 420 F Supp 1087, 1107; see, e.g., Accardi v Shaughnessy, 347 US 260). The court is aware that in university disciplinary proceedings not every deviation from the university’s regulations necessarily constitutes a deprivation of due process. (Winnick v Manning; 460 F2d 545, 550.) However that may be, there remains the requirement of fundamental fairness of a hearing before an impartial decision maker. The requirement of impartiality is brought into question by the violation of the code which took place below. The presence of the associate dean on the judicial council whose function it is to review the findings and recommendations of the judicial review committee (of which Dean Buckingham acted as chairman) so taints the proceedings of the council as to require that they be undertaken anew. Finally, the court holds that the new appeal should be heard by a newly constituted judicial council in order to avoid any possibility of prejudging.
Accordingly, judgment is granted in favor of petitioner annulling the determination of respondent and remitting the matter with directions that a new hearing on appeal be held before a newly constituted judicial council in accordance with the appeal procedures set forth in the code for student conduct.

 Inasmuch as no issue has been raised by the respondent with respect thereto, the court assumes that "College Community” includes students, faculty and administrative staff.